UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

V. JAMES F.,                                           :
          Plaintiff,                                   :
                                                       :
          v.                                           :          C.A. No. 22-230JJM
                                                       :
KILOLO KIJAKAZI,                                       :
Acting Commissioner of Social Security,                :
          Defendant.                                   :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

This matter is before the Court on Plaintiff V. James F.'s Motion to Proceed i*n Forma*

*Pauperis* ("IFP") (ECF No. 3), which has been referred to me.  Because I conclude that the

motion should be denied, I address it by report and recommendation.  Janneh v. Johnson &

Wales Univ., No. CA 11-352 ML, 2011 WL 4597510, at *1 (D.R.I. Sept. 12, 2011) (denial of a

motion to proceed *in forma pauperis* is the functional equivalent of an involuntary dismissal and

magistrate judge should issue report and recommendation for final decision by district court).

Section 1915 permits persons otherwise unable to access the courts to proceed without

paying such costs as the filing fee and service, which instead are defrayed at public expense.  28

U.S.C. § 1915(a).  As Justice Hugo Black, speaking for a unanimous Supreme Court many years

ago, made clear:

> We cannot agree with the court below that one must be absolutely destitute to
> enjoy the benefit of the statute . . . .  To say that no persons are entitled to the
> statute's benefits until they have sworn to contribute to payment of costs, the last
> dollar they have or can get, and thus make themselves and their dependents
> wholly destitute, would be to construe the statute in a way that would throw its
> beneficiaries into the category of public charges.  The public would not be
> profited if relieved of paying costs of a particular litigation only to have imposed
> on it the expense of supporting the person thereby made an object of public
> support.  Nor does the result seem more desirable if the effect of this statutory

> interpretation is to force a litigant to abandon what may be a meritorious claim in order to spare himself complete destitution.

Adkins v. E. I. DuPont deNemours & Co., 335 U.S. 331, 339-40 (1948).  However, the First Circuit has also bluntly emphasized that even a plaintiff of small means should be asked to "'put his money where his mouth is,' it being all too easy to file suits, even with sufficient pro forma allegations, if it costs nothing whatever to do so."  In re Stump, 449 F.2d 1297, 1298 (1st Cir. 1971) (per curiam).  In evaluating the merits of an IFP motion, this Court must "hold the balance steady and true as between fairness to the putatively indigent suitor and fairness to the society which ultimately foots the bill."  Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984) (Selya, J.).

Plaintiff's IFP affidavit, read together with the supporting addendum, does not present an applicant whose poverty is such as to outweigh the "fairness to the society which ultimately foots the bill."  Id.  While not currently employed, Plaintiff retains monthly income of $7,000 but has monthly expenses of only $4,500.  In addition to available income of $2,500 every month (more than sufficient to cover the $402 filing fee and the cost of service), Plaintiff also has $75,000 in cash/bank accounts and owns two properties that he rents.  Plaintiff has no debts or financial obligations and no person dependent on him for support.  In short, Plaintiff is not eligible for IFP status.

For the foregoing reasons, I recommend that Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 3) be DENIED and that he be ordered to pay the filing fee within thirty days of the adoption of this report and recommendation.  If he does not pay the filing fee within that time period, I recommend that the case be dismissed.  Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure

2

to file specific objections in a timely manner constitutes waiver of the right to review by the

district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero,

524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st

Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 24, 2022